IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JASON BRADLEY THOMAS, | ) |
| BOP Prisoner No. 14285-003, | ) |
| Movant, | ) |
| | ) CIVIL ACTION NO. 1:22-00027-JB-N |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA | ) CRIMINAL NO. 1:15-00082-JB-N-1 |
| Respondent. | ) |
| | ) |
| | ) |

**REPORT & RECOMMENDATIONS**

Jason Bradley Thomas, a now-former federal prisoner, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on January 7, 2022[1] (Doc. 106)[2] challenging this Court's January 19, 2021 imposition of a 24-month term of incarceration following a judgment revoking supervised release in the above-styled criminal action. (Doc. 81). The initial supervised release term was imposed after an underlying judgment of conviction was entered on September 23, 2015 resulting from Thomas's plea of guilty to a violation of 18 U.S.C. § 922(g)(1). (Doc. 28). Thomas's motion was referred to the undersigned Magistrate Judge for

---

[1] In this circuit, "[A] prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing." *Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Thomas certifies his motion was delivered to prison officials for mailing on January 7, 2021. (Doc. 106, PageID.579). This date, however, is incorrect and attributable to scrivener's error. The proper date of mailing – and thus, the operative date for filing purposes – is January 7, 2022, which is listed on the subsequent page of the § 2255 motion as well as on a letter addressed to the Clerk of Court for this district included alongside his § 2255 motion. (Doc. 106, PageID.580, 582).

The undersigned further notes that Thomas was proceeding without counsel (*pro se*) when he initiated this action, though counsel Adam Pylant, Esq., was subsequently appointed on Thomas's behalf. (Docs. 106, 128).

[2] All "Doc." citations herein refer to the docket of the above-noted criminal action.

1

appropriate action pursuant to S.D. Ala. GenLR 72(b). (1/25/2022 elec. ref.).[3] Having reviewed the record and for the reasons stated herein, the undersigned finds Thomas's § 2255 motion to be moot, and therefore **RECOMMENDS** the motion (Doc. 106) be **DISMISSED as moot.**

*I.    Discussion*

In general, "[a] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Clecker v. Untied States*, 410 F. App'x 279, 283 (11th Cir. 2011) (per curiam) (citation omitted). The mootness doctrine flows "directly from the case or controversy limitation" of Article III of the United States Constitution, and "if an event occurring after the filing of the lawsuit deprives the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* (cleaned up). In the habeas context, "if a petitioner attacks only his sentence, and the sentence expires before final adjudication of the habeas petition, the case is moot." *Id.* (citing *Lane v. Williams*, 455 U.S. 624, 631 (1982)). *See Dawson v. Scott*, 50 F.3d 884, 886 (11th Cir. 1995).

Thomas's § 2255 motion only attacks the 24-month sentence imposed by the Court on January 19, 2021 flowing from the above-noted judgment of revocation. (Docs. 81, 106). The sentence imposed on this date has now expired. Thomas was released from his term of incarceration on August 26, 2022 (Doc. 115),[4] and a

---

[3] Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of these proceedings brought under § 2255, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts (hereinafter, the " § 2255 Rules").

[4] The Federal Bureau of Prisons' inmate locator tool further confirms Thomas's release on this date.

subsequent year-long period of supervised release ended August 25, 2023. (Doc. 115, PageID.653; *see* Doc. 131, PageID.785). Accordingly, because Thomas challenges only his sentence, which has now been served in full, and there are no collateral consequences raised by the § 2255 motion with respect to this sentence, Thomas's motion no longer presents any live issue for this Court's consideration. *See Clecker*, 410 F. App'x at 283; *Dawson*, 50 F.3d at 886.

For these reasons, the undersigned **RECOMMENDS** Thomas's § 2255 motion (Doc. 106) be **DISMISSED as moot**. As a result of this recommendation, the undersigned further **RECOMMENDS** Thomas's motion to proceed *in forma pauperis* (Doc. 111), filed in connection with his § 2255 motion, be **DENIED as moot**.

## II.  *Certificate of Appealability*

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of the § 2255 Rules. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on

---

*See* https://www.bop.gov/inmateloc// (last visited, March 7, 2024).

3

his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotations omitted). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337.

Upon due consideration, the undersigned **RECOMMENDS** Thomas be **DENIED** a Certificate of Appealability in conjunction with the denial of his present § 2255 motion, as reasonable jurists would not debate whether his § 2255 motion should be resolved in a different manner or that any of the issues presented is adequate to deserve encouragement to proceed further.[5]

### III.  *Appeal In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

---

[5] If the Court adopts the undersigned's recommendation to decline to issue a COA, he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the § 2255 Rules.

Having considered the issues raised as set forth above, the undersigned **RECOMMENDS** the Court **CERTIFY** that any appeal by Thomas of the denial of the present § 2255 motion would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[6]

## IV.    *Conclusion*

Upon consideration and for the reasons stated herein, the undersigned finds Thomas's § 2255 motion to be moot, and thus, **RECOMMENDS** that his motion (Doc. 106) be **DISMISSED as moot**. As a result of this recommendation, the undersigned further **RECOMMENDS** Thomas's motion to proceed *in forma pauperis* (Doc. 111) be **DENIED as moot**, that Thomas be **DENIED** a Certificate of Appealability, and that the Court **CERTIFY** that any appeal of the present denial of his § 2255 motion would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the

---

[6] Thomas may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 7th day of March 2024.

                                              */s/ Katherine P. Nelson*
                                              **KATHERINE P. NELSON**
                                              **UNITED STATES MAGISTRATE JUDGE**